JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Devin Wade,<br><br>PLAINTIFF(S)<br>v.<br>Defense Commissary Agency DeCA,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>EDCV 24-214-MWF (JPR)<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.  ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

February 9, 2024                                        /s/ Michael W. Fitzgerald
_____                          _____
Date                                                  United States District Judge

CV-73 (07/22)          ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89 (1998) (quotation omitted). "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Levine, 415 U.S. 528, 536 (1974) (internal citations and quotation marks omitted). When a claim is not substantial, it is "so patently without merit that the claim requires no meaningful consideration." Tijerino v. Stetson Desert Project, LLC, 934 F.3d 968, 975 (9th Cir. 2019).

Here, Plaintiff's complaint is patently without merit and subject to immediate dismissal. It contains a broad spectrum of random legal citations and conclusions, unexplained procedural history, and other incoherent allegations and demands not decipherable by the Court. See Steel Co., 523 U.S. at 89; Hagans, 415 U.S. at 536; Tijerino, 934 F.3d at 975. Moreover, to the extent Plaintiff repeats contentions already raised in his numerous other lawsuits before the Court, they dismissed as duplicative. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (complaint repeating same allegations asserted in earlier case, even if filed against new defendants, is subject to dismissal as duplicative); Cruz v. Savoie, No. 1:22-cv-01035-SAB (PC), 2022 WL 3704132, at *2 (E.D. Cal. Aug. 26, 2022).

Accordingly, the action is DISMISSED with prejudice and without leave to amend. See Atakapa Indian de Creole Nation v. Edwards, 838 F. App'x 124, 124-25 (5th Cir. 2021) (per curiam) (complaint lacking any "coherent argument" was properly dismissed for lack of jurisdiction as frivolous and without leave to amend because "futility of any amendment here was readily apparent and justified by the record"); Lopez v. Smith, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (en banc) ("[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend").

In light of this dismissal, Plaintiff's request to proceed in forma pauperis is DENIED and all other pending matters are TERMINATED.